STATE TRUST COMPANY

*vs.*

ELLEN D. PIERCE, ET ALS.

Kennebec.    Opinion February 16, 1927.

*Extrinsic evidence is always admissible to identify a devisee or legatee, and beneficent bequests are not to be defeated by mere misnomers.*

On appeal.  A bill in equity seeking the construction of the will of Charles L. Spaulding and the determination as to whom the principal of a trust estate should be paid. Upon a hearing on bill and answer the sitting Justice found that the Maine State Society for the Protection of Animals was the beneficiary intended by the testator, and an appeal was taken.    Appeal dismissed.    Decree below affirmed.

The case sufficiently appears in the opinion.

*Beane & Beane,* for State Trust Company, petitioner.

*Pattangall, Locke & Perkins,* for Ellen D. Pierce.

*Frank G. Farrington and E. O. Greenleaf,* for Maine State Society for the Protection of Animals.

*Andrews, Nelson & Gardiner,* for Ellie Evans, Georgia C. Adams, and C. L. Andrews, Admr.

SITTING: WILSON, C. J., STURGIS, BASSET, JJ., MORRILL, A.R.J.

STURGIS, J.  Charles L. Spaulding, late of Hallowell, died testate, leaving a will containing as the fourth paragraph thereof the following:

> "All the rest, residue and remainder of my estate, real personal, and mixed, wherever found and however situated, I give, bequeath and devise to the State Trust Company, a corporation duly organized by law and located in Augusta, Maine, in trust, however, to invest and reinvest and to pay over the net annual income thereof to my wife, Ellie L. Spaulding for and during her life.  At her decease, I direct my said trustee to pay over one-half the net income thereof to Walter D. Spaulding of said Hallowell for and during the term of his natural life, and the other half of said income I direct the said trustee to pay over to the proper officers of the Maine State Society for the Prevention of Cruelty to Animals, which society is located at Portland, Maine, the said income to be used by said society in the performance of the business for which they are incorporated or created.  At the death of said Walter D. Spaulding I direct my said trustee to pay over the principal of said trust fund together with the accumulated income thereof, to the proper officers of the said Maine State Society for the Prevention of Cruelty to Animals."

The widow of the testator, Ellie L. Spaulding, as also Walter D. Spaulding, have now deceased, and the Trustee brings this bill, praying for a construction of the will and a determination of who is entitled to the fund now in its hands.

It appears that there is not now and never has been a corporation or society located at Portland, Maine, bearing the name of "Maine State Society for the Prevention of Cruelty to Animals."  The defendant, Maine State Society for the Protection of Animals, located at Portland, Maine, however, claims the fund.

After hearing on bill and answer, the sitting Justice decreed that the testator intended to make the claimant, the Maine State Society for the Protection of Animals, the recipient of the entire residue of his estate at the death of Walter D. Spaulding, and that this Society is entitled to receive the trust fund now in the hands of the Trustee, with all accumulated interest and income thereon, less certain deductions for expenses and fees of the Trustee. The case is brought to this Court on appeal from this decree.

It is a familiar rule of interpretation that when the name or designation in the will does not designate with precision any person or corporation, but so many of the circumstances concur to indicate that a particular person or corporation was intended, and no similar conclusive circumstances appear to distinguish any other beneficiary, the person or corporation thus shown to be intended will take. *Preachers' Aid Society* v. *Rich*, 45 Me., 552; *Howard* v. *American Peace Society*, 49 Me., 288; *Tucker* v. *Seaman's Aid Society* et als, 7 Met. (Mass.), 188. Extrinsic evidence is always admissible to identify a devisee or legatee, and beneficient bequests are not to be defeated by mere misnomers. This rule applies to a devise or a bequest to a corporation. 40 Cyc, 1447, and cases cited; 28 R. C. L., 276. Numerous cases in support appear in notes of 47 L. R. A. (N. S.), 539, and Ann. Cas. 1915 B, 30.

With these rules undoubtedly in mind, the sitting Justice found that the testator intended that the claimant Society should be the final recipient of his gift in trust. It is unnecessary to review the facts. They abundantly justify the finding appealed from. And such facts,—and they are few in number,—as non-concur with the intent found, are not convincingly conclusive of a contrary intent nor do they distinguish another as the intended beneficiary.

*Appeal Dismissed.*
*Decree below affirmed.*